# IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

|  |  |  |
|---|---|---|
| LONNIE STRIPLING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | NO. 3:21-cv-00654 |
| v. | ) | |
| | ) | JUDGE CAMPBELL |
| INGRAM BARGE COMPANY, LLC, | ) | MAGISTRATE JUDGE FRENSLEY |
| d/b/a INGRAM BARGE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM

Pending before the Court is Defendant Ingram Barge Company, LLC's Motion to Dismiss Plaintiff's Amended Complaint. (Doc. No. 27). Plaintiff filed a response in opposition. (Doc. No. 29).

For the reasons discussed below, Defendant's Motion to Dismiss will be **DENIED**.

## I. BACKGROUND[1]

Plaintiff Lonnie Stripling worked as a cook for Defendant Ingram Barge Company, LLC ("Ingram") for approximately five months in 2019. (¶¶ 1, 9). Ingram operates barges and other boats and provides marine transportation services on inland waterways in the United States. (¶ 6). As a cook, Plaintiff was assigned to work on a boat for a 28-day period, followed by 28 days off. (¶ 9). Plaintiff claims that soon after she began work it became apparent that Ingram "fostered and tolerated a culture of inappropriate sexual misconduct and sexual discrimination against women." (¶¶ 17, 19). She claims the boat captain, Mark Davidson ("Davidson" or "the captain"), would follow her around the boat, ogling her, "was constantly vulgar" around her, directed derogatory

---

[1] The factual background is drawn from the Amended Complaint (Doc. No. 26). All citations to ¶ __ are to the Amended Complaint.

comments toward her, and verbally intimidated her because she is a woman. (¶¶ 24, 30-31, 41-43). The captain told Plaintiff that he thought "women are nasty," and yelled and cussed at Plaintiff to the point that she felt physically threatened by his actions. (¶¶ 25-26). She also claims the captain frequently discussed his sexual performance and discussed the prior cook and the sexual relationship the prior cook had with another crew member, suggesting that Plaintiff would also have sex with crew members. (¶ 27).

Due to the captain's behavior, Plaintiff feared for her safety and requested to be removed from the boat. (¶¶ 51-58). The evening of August 22, 2019, Plaintiff met with Ingram's Operation Manager, David Franklin, and Human Resource Business Partner, Justin Yott, to discuss her complaints. (¶ 62). The following day, she met again with David Franklin. (¶ 63). He indicated that the company had investigated her complaints and considered the matter closed. (*Id.*). He then told Plaintiff that they would "put her on another boat" and that although she had not had any complaints about her "so far," they would see if she got any on the new boat. (¶ 64). Plaintiff was aware that other employees had faced retaliation after complaining of sexual harassment and believed Franklin was threatening her with retaliation. (*Id.*).

Plaintiff remained at Ingram's training center over the weekend, but she resigned rather than be placed on another boat where she claims she feared for her safety. (¶¶ 69-70). At some time before she resigned, Plaintiff called Ingram's ethics hotline. (¶ 71). She received return call from Eleanor McDonald, Ingram's general counsel, while she was driving home after having resigned. (*Id.*). Ms. McDonald told Plaintiff she would "get to the bottom of it" and "circle back around with you," but Plaintiff never heard from Ms. McDonald or Ingram again. (¶¶ 71-72).

Plaintiff brings claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*. claiming sexual harassment hostile work environment (Count I), discrimination on the basis

of sex (Count II), and quid pro quo sexual harassment (Count III). Although the Amended Complaint does not contain an enumerated claim for retaliation, both Plaintiff and Defendant appear to agree that Plaintiff is also bringing a claim for retaliation under Title VII. (*See* Def. Br., Doc. No. 28 at 10-12; Pl. Br., Doc. No. 29 at 9-13). Defendant moves to dismiss all claims under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

## II.     STANDARD OF REVIEW

In deciding a motion to dismiss under Rule 12(b)(6), a court must take all the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  To survive a motion to dismiss, a complaint must contain sufficient factual allegations, accepted as true, to state a claim for relief that is plausible on its face. *Id*.  A claim has facial plausibility when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*.  In reviewing a motion to dismiss, the Court construes the complaint in the light most favorable to the plaintiff, accepts its allegations as true, and draws all reasonable inferences in favor of the plaintiff.  *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).

In considering a Rule 12(b)(6) motion, the Court may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case, and exhibits attached to Defendant's motion to dismiss provided they are referred to in the Complaint and are central to the claims. *Bassett v. National Collegiate Athletic Assn*., 528 F.3d 426, 430 (6th Cir. 2008).

In light of this standard, the Court does not consider Defendant's Exhibit A, which is a spreadsheet showing the crew schedule. This document is not referenced in the Amended Complaint or central to the claims therein.

3

### III.    ANALYSIS

Title VII provides, in pertinent part: "It shall be an unlawful employment practice for an employer ... to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's ... sex...." 42 U.S.C. § 2000e–2(a)(1). Discrimination on the basis of sex may take the form of disparate treatment, sexual harassment that creates a hostile work environment, and quid quo pro sexual harassment. Plaintiff asserts claims under each of these theories.

"A Title VII plaintiff need not make a prima facie showing to survive a motion to dismiss." *Bar v. Kalitta Charters II, LLC*, No. 21-1739, 2022 WL 3042844 (6th Cir. Aug. 2, 2022) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002)). A complaint "satisfies the pleading requirements of [Rule] 8(a)(2) so long as it provides an adequate factual basis for a Title VII discrimination claim." *Id.* (quoting *Serrano v. Cintas Corp.*, 699 F.3d 884, 897 (6th Cir. 2012) (internal quotations omitted)). "'[D]etailed factual allegations' are not necessary; a plaintiff need only 'allege sufficient factual content' from which a court, informed by its 'judicial experience and common sense,' could 'draw the reasonable inference' that an employer violated Title VII." *Id.* (citing *Keys v. Humana*, 684 F.3d 605, 610 (6th Cir. 2012) and *Iqbal*, 566 U.S. at 678). With this in mind, the Court considers the elements of prima facie discrimination and retaliation claims only as an aid in determining whether Plaintiff has plausibly stated a claim for relief.

### A.  Sexual Harassment Hostile Work Environment

A prima facie claim for discrimination arising out sexual harassment that creates a hostile work environment requires facts establishing: (1) the plaintiff is a member of a protected class; (2) she experienced unwelcomed sexual harassment; (3) the harassment was based on sex; (4) the harassment created a hostile work environment; and (5) the employer is liable. *See Doe v. City of*

4

*Detroit*, 3 F.4th 294, 300 (6th Cir. 2021) (citing *Randolph v. Ohio Dep't of Youth Servs*., 453 F.3d 724, 733 (6th Cir. 2006)). "Whether harassing conduct is sufficiently severe or pervasive to establish a hostile work environment is 'quintessentially a question of fact.'" *Hawkins v. Anheuser-Busch, Inc*., 517 F.3d 321, 333 (6th Cir. 2008). To show a hostile work environment, Plaintiff must show, based on a totality of the circumstances, that the harassing conduct was sufficiently severe or pervasive to alter the conditions of her employment. *Id*. (citing *Meritor Sav. Bank v. Vinson*, 477 U.S. 57, 66 (1986)). "To be actionable, the harassment must consist of more than words that simply have sexual content or connotations." *Hawkins*, 517 F.3d at 333. Courts consider "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Id*. (internal citations and quotations omitted).

Defendant argues the conduct alleged amounts to limited and discrete instances of offensive conduct and is not sufficiently severe or pervasive to be actionable. Defendant notes that Plaintiff does not allege that she was propositioned for sex and contends remarks about women being "nasty" are not themselves actionable. (Doc. No. 28 at 7-10).

Defendant's argument focusing on discrete events ignores the alleged pervasiveness and severity of the conduct alleged. Plaintiff claims that she was subjected to offensive and harassing conduct "constantly" and that she became concerned for her safety and ultimately insisted on leaving the boat. At this stage, Plaintiff's allegations are sufficient to state a plausible claim for sexual harassment that created a hostile work environment.

**B. Sex Discrimination**

To plausibly allege a claim of discrimination on the basis of sex, Plaintiff must allege facts which, if proven, would establish that: (1) she is a member of a protected group; (2) she was subject

to an adverse employment decision; (3) she was qualified for her position; and (4) she was replaced by a person outside the protected class, or a similarly situated non-protected employee was treated more favorably. *Briggs v. Univ. of Cincinnati*, 11 F.4th 498, 509 (6th Cir. 2021); *see also*, *Evans v. Walgreen Co.*, 813 F. Supp. 2d 897, 918 (W.D. Tenn. 2011) (citing *Corell v. CSX Transp., Inc.*, 378 F. App'x 496, 501 (6th Cir. 2010)).

Defendant argues Plaintiff has failed to allege facts to establish that she was subject to an adverse employment action because she voluntarily resigned her employment and she has failed to identify a similarly situated non-protected employee who was treated more favorably than her or plead she was replaced by someone outside her protected class.

1. Disparate Treatment

Plaintiff specifically claims that the men on the boat were treated more favorably. (¶ 94). At this stage, and in light of the nature of the allegations, the Court finds Plaintiff has plausibly alleged employees outside the protected class – i.e., men – were not subjected to the sexually harassing conduct that Plaintiff experienced, and therefore were treated more favorably.

2. Adverse Employment Action

Plaintiff claims she was constructively discharged from her employment – that the barrage of harassing behavior coupled with the inadequate response to her complaints created working conditions that were so intolerable that she was compelled to resign. It is well-established that a Plaintiff may establish an adverse employment action by demonstrating she was constructively discharged. *See e.g. Laster v. City of Kalamazoo*, 746 F.3d 714, 728 (6th Cir. 2014); *Funk v. City of Lansing*, 821 F. App'x 574, 580 (6th Cir. 2020); *Collette v. Stein-Mart, Inc.*, 126 F. App'x 678, 681-82 (6th Cir. 2005); *Garcia v. Beaumont Health Royal Oak Hospital*, No. 22-1186, 2022 WL 5434558, at * 7 (6th Cir. Oct. 7, 2022); *Hollar v. RJ Coffey Cup, LLC*, 505 F. Supp. 2d 439, 452

(N.D. Ohio 2007) (citing *Logan v. Denny's, Inc.*, 259 F.3d 558, 568 (6th Cir. 2001)). "A constructive discharge occurs when the employer, rather than acting directly, 'deliberately makes an employee's working conditions so intolerable that the employee is forced into an involuntary resignation." *Laster*, 746 F.3d at 727 (quoting *Lopez v. S.B. Thomas, Inc.*, 831 F.2d 1184, 1188 (2d Cir. 1987)). "To demonstrate a constructive discharge, Plaintiff must adduce evidence to show that 1) the employer deliberately created intolerable working conditions, as perceived by a reasonable person, and 2) the employer did so with the intention of forcing the employee to quit." *Id*. When an employee alleges she resigned because of discriminatory harassment, she must demonstrate a discriminatory work environment "even more egregious than the high standard for hostile work environment." *Id*. (citing *E.E.O.C. v. Univ. Chicago Hospitals*, 276 F.3d 326, 331-32 (7th Cir. 2002)).

Defendant argues Plaintiff has not pleaded the type of intolerable working conditions sufficient to establish constructive discharge. (Doc. No. 28 at 14-15). The Court disagrees. Plaintiff alleges she was subjected to continuous harassment and that Captain Davidson's behavior caused her to fear for her safety. She further alleges that Defendant's response to her complaints of harassment was dismissive, inadequate, and threatened retaliation. She resigned due to fears for her personal safety and that she was being "set up to fail." (¶¶ 63-65, 68-70, 73). At this stage, Plaintiff has plausibly alleged that she was constructively discharged from her employment. Accordingly, the claim for discrimination based on sex will not be dismissed.

## C. Quid Pro Quo Sexual Harassment

To establish a claim for violation of Title VII based on quid pro quo sexual harassment, Plaintiff must allege: (1) that she was a member of a protected class; (2) that she was subject to unwanted sexual harassment in the form of sexual advances or request for sexual favors; (3) that

7

the harassment complained of was based on sex; (4) that the employee's submission to the unwelcomed advances was an express or implied condition for receiving job benefits or the employee's refusal to submit to the supervisor's sexual demands resulted in a tangible job detriment; and (5) the existence of respondeat superior liability. *Howington v. Quality Rest. Concepts, LLC*, 298 F. App'x 436, 441 (6th Cir. 2008). Courts use "tangible job detriment" and "materially adverse employment action" interchangeably. *Hollar*, 505 F. Supp. 2d at 452.

Defendant argues Plaintiff has not pleaded facts to plausibly allege elements two and four because the complaint does not contain any allegations that the captain made sexual advances or requests for favors in exchange for job benefits or that Plaintiff's refusal to submit to his advances resulted in a tangible job detriment.

Plaintiff acknowledges that the amended complaint does not allege that the captain expressly told her that he would treat her more favorably if she agreed to have sex with him. She argues, however, that the captains statements about the previous cook having sex with the crew coupled with his escalating harassment and intimidation *implied* that she would be treated better if she slept with him or other crew members. Construing the allegations in the light most favorable to the Plaintiff, the captain's alleged lewd conduct could be viewed as sexual advances and Plaintiff's failure to submit to these advances resulted in a tangible job detriment in the form of the captain's escalating harassment which she alleges resulted in her constructive discharge. *Hollar*, 505 F. Supp. 2d at 452 ("A plaintiff may establish an adverse employment action by demonstrating that she was constructively discharged.") (citing *Logan*, 259 F.3d at 568).

## D. Retaliation

Title VII prohibits employers from retaliating against employees who oppose an unlawful employment practice. 42 U.S.C. § 2000e-3(a). To establish a prima facie case of retaliation, Plaintiff must show: (1) she engaged in activity protected by Title VII; (2) the exercise of her protected rights was known to Defendant; (3) Defendant thereafter took an action that was materially adverse to the plaintiff; and (4) there was a causal connection between the protected activity and the adverse action. *Barrow v. City of Cleveland*, 773 F. App'x 254, 261 (6th Cir. 2019). Title VII's anti-retaliation provision protects an individual "not from all retaliation, but from retaliation that produces an injury or harm." *Id.* at 262-63 (citing *Burlington N. v. Santa Fe Ry. Co. v. White*, 548 U.S. 53, 67 (2006)). Consequently, an adverse employment action must be materially adverse. *Id.* at 263. However, materially adverse actions are not "limited to [the] narrow definition of an 'adverse employment action' that includes only actions affecting the terms, conditions or status of employment." *Hawkins v. Anheuser–Busch, Inc*., 517 F.3d 321, 346 (6th Cir. 2008) (citation omitted). Instead, "a plaintiff must show that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington*, 548 U.S. at 68 (citation and internal quotation marks omitted). "This showing is less burdensome than what a plaintiff must demonstrate for a Title VII discrimination claim." *Rogers v. Henry Ford Health Sys*., 897 F.3d 763, 776 (6th Cir. 2018) (citation omitted).

Defendant asserts Plaintiff has not plausibly alleged she was subject to an adverse action after her complaint of harassment, noting that many of Plaintiff's references to retaliation concern other employees and are based on her assumption that she would be retaliated against at some unspecified point in the future. (Doc. No. 28 at 11).

9

Plaintiff argues that the alleged materially adverse action was Defendant's alleged sham investigation of her harassment complaints and subsequent threats of retaliatory action. (Doc. No. 29 at 10-11). Plaintiff considered these threats of retaliation to be credible because of her knowledge of what happened to other employees who complained of harassment, and she claims Defendant's threats of retaliation caused her to fear for her safety and ultimately led to her constructive discharge. (¶ 70).

As stated above, *see supra* III.B.2, Plaintiff has plausibly alleged that she was constructively discharged, based in part on conduct that took place after she complained of harassment. Therefore, at this stage, she has plausibly alleged she was subject to an adverse action in retaliation for engaging in protected conduct.

## IV.    CONCLUSION

For the reasons stated, Defendant's Motion to Dismiss (Doc. No. 27) will be **DENIED**. An appropriate Order will enter.

WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE

10